### UNITED STATES v. SOBEY.
### No. 1293.

District Court, D. Montana.
March 1, 1932.

Willington D. Rankin, U. S. Atty., and Arthur P. Acher, Asst. U. S. Atty., both of Helena, Mont.

BOURQUIN, District Judge.

February 20, 1932, this bill was filed to cancel a grant of citizenship, on allegations that the grantee had not in good faith intended to become a permanent citizen of this country, and within five years of the grant had taken up permanent residence in and became a citizen of England. No subpœna issued, and counsel for plaintiff alone appearing as for final hearing presented what purports to be defendant's consent to decree as prayed.

This consists of a typewritten document in first person reciting the grant to Sobey, his removal, residence, and citizenship in England, and "consent to the entry of a decree * * * setting aside and cancelling the said decree of naturalization * * * without further notice to me," signed "Arthur Sobey, England, Sept. 28, 1931," attached to which is the American consul's statement: "I hereby certify that the above is the true signature of Arthur Sobey."

Consent to a decree must be by the party or his counsel in open court, or by documentary evidence of legal sufficiency to prove the fact. This document falls short.

A solemn grant of the priceless boon of citizenship is not to be annulled upon no better evidence than this. Executed before suit brought, without the formality of acknowledgment or witnesses, the consul's certification without the warrant of any statute and amounting to nothing, no notice of the suit to the grantee, the document is not proven, is not evidence of consent, will not warrant and support the decree sought. Plaintiff may proceed to due service or otherwise at will, failing which the suit will be dismissed.

So ordered.